J-S72009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY CARLTON ARRINGTON, | |
| Appellant | No. 2174 EDA 2017 |

Appeal from the PCRA Order Entered May 23, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001124-2012

BEFORE:  BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 16, 2018**

Appellant, Gregory Carlton Arrington, appeals *pro se* from the post-conviction court's May 23, 2017 order that denied, as untimely, his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's convictions are not necessary to our disposition of his appeal.  We need only note that on October 30, 2013, Appellant pled guilty to third-degree murder, two counts of attempted murder, possession of a firearm by a person prohibited, and criminal conspiracy.  Pursuant to the negotiated plea agreement, he was sentenced that same day to 10 to 20 years' incarceration for his murder conviction, 10

_____

[*] Former Justice specially assigned to the Superior Court.

to 20 years' incarceration for each of his two attempted murder convictions, 3 to 10 years' incarceration for his firearm offense, and 20 years' probation for his conspiracy conviction. These sentences were all imposed to run consecutively, thus totaling an aggregate term of 33 to 70 years' incarceration, followed by 20 years' probation.

Appellant did not file a direct appeal and, thus, his judgment of sentence became final on November 30, 2013, at the expiration of the thirty-day time-period for seeking review with this Court. *See* 42 Pa.C.S. § 9545(b)(3) (stating a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.").

On August 11, 2015, Appellant filed a *pro se* "Petition for Writ of *Habeas Corpus*," which the court treated as a PCRA petition. Counsel was appointed, but subsequently petitioned for permission to withdraw. The court granted counsel's petition to withdraw, and it also issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not respond, and on April 26, 2016, the court issued an order dismissing his petition. Again, Appellant did not appeal.

On March 30, 2017, Appellant filed another *pro* se PCRA petition which underlies the present appeal. On May 1, 2017, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition as being untimely-

filed.  Appellant filed a *pro se* response, but on May 23, 2017, the PCRA court issued an order dismissing his petition.  Appellant thereafter filed a *pro se* notice of appeal.[1]  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.  On July 10, 2017, the court issued an opinion stating that it was relying on the rationale set forth in its Rule 907 notice to support its dismissal of Appellant's PCRA petition.

Herein, Appellant raises three issues for our review.  ***See*** Appellant's Brief at 1-3.  However, before we may assess the merits of those claims, we must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.  ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007).  Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be

---

[1] Appellant's notice of appeal was docketed 31 days after entry of the court's order denying his PCRA petition, thus seemingly violating Rule 903(a)'s 30-day requirement.  Accordingly, on September 5, 2017, this Court issued a rule to show cause why this appeal should not be quashed as untimely filed. Appellant filed a timely response, claiming that he had submitted his notice of appeal to prison authorities on June 19, 2017.  Appellant also attached to his response a "Monthly Account Statement" from the prison showing that on June 20, 2017, a postage deduction was withdrawn from his account.  In light of Appellant's response, we will accept that he deposited his appeal with prison authorities by at least June 20, 2017, making it timely-filed under the 'prisoner mailbox rule.'  ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (holding that the prisoner mailbox rule extends to a notice of appeal filed by a *pro se* prisoner and, thus, an appeal shall be "deemed 'filed' on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox").

filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

In this case, Appellant's judgment of sentence became final on November 30, 2013, and, thus, his current petition filed on March 30, 2017, is facially untimely.  For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

In his petition, and on appeal, Appellant argues that his sentence is illegal in light of **Alleyne v. United States**, 133 S.Ct. 2151 (2013), in which the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. *Id.* at 2163. Presumably, Appellant's reliance on **Alleyne** is an effort to satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). Appellant also contends that because his sentence is illegal, we must grant him relief pursuant to the plain language of the PCRA statute, irrespective of the untimeliness of his current petition. Namely, Appellant relies on section 9542, which states: "This subchapter provides for an action by which persons convicted of crimes they did not commit and **persons serving illegal sentences may obtain collateral relief**." 42 Pa.C.S. § 9542 (emphasis added).

Initially, Appellant disregards the well-settled principle that, "although a legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999); **see also Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) ("[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition."). Therefore, we reject Appellant's argument that he is entitled to relief under the language of section 9542, despite the untimeliness of his petition.

Appellant has also failed to demonstrate that he satisfies the timeliness exception of section 9545(b)(1)(iii). First, our Supreme Court has held that **Alleyne** does not apply retroactively to collateral attacks on mandatory minimum sentences. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Therefore, **Alleyne** cannot be relied upon to satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii).

Second, even if **Alleyne** did apply retroactively to Appellant's case, we would not deem his sentence illegal under the rule announced in that decision. The record confirms that there were no mandatory minimum sentences imposed in Appellant's case. While a 'deadly weapon enhancement' (DWE) did apply to increase the applicable sentencing guideline ranges for Appellant's offenses, the DWE did not mandate a minimum term of incarceration that the court was required to apply. Therefore, **Alleyne** would not render Appellant's sentence illegal, even if it retroactively applied to his case.

Finally, we point out that **Alleyne** was decided on June 17, 2013, and Appellant's petition was not filed until March 30, 2017, nearly four years later. Consequently, Appellant has not satisfied the 60-day requirement of section 9545(b)(2).

For all of these reasons, the PCRA court did not err by dismissing Appellant's untimely petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/16/18